UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEROME PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:09-CV-1051-TWP-MJD |
| | ) | |
| OFFICER MATTHEW THOMAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ENTRY ON DEFENDANTS' SUPPLEMENTAL MOTIONS IN *LIMINE*

This matter is before the Court on the Defendants' Supplemental Motions in *Limine* (Dkt. 122). The court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so that questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400-01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

At the final pretrial conference held April 20, 2011, the Court set out a briefing schedule for Defendants to file supplemental motions in *limine*. On April 21, 2011, Defendants filed three such motions and Plaintiff responded by opposing all three on April 25, 2011. Each is addressed in turn below.

1.  **Reference to Defendant Officers' legal right to be at/enter Plaintiff's residence**

Supplemental Motion in *Limine* 1 seeks to bar reference to or evidence of the individual Defendants' legal right to be at and enter Plaintiff's home at the request of DCS. Through his responses to Defendants' requests for admissions, Plaintiff conceded that the individual Defendants "had a legal justification *for being at* Plaintiff's home on or about August 22, 2008." (emphasis added). Accordingly, this issue is "conclusively established" for purposes of this litigation. *McCann v. Mangialardi*, 337 F.3d 782, 788 (7th Cir. 2003); Fed. R. Civ. P. 36(b).

Plaintiff counters that in a separate request for admission, he denied that the individual Defendants "had a legal justification for <u>*entering*</u> [his] home" and, therefore, he should be able to argue "that the Police and DCS employee did not have a legal justification for entering Plaintiff's home." This argument fails for two reasons. First and foremost, this issue veers far outside the confines of this lawsuit. Plaintiff's claims relate to excessive force and battery and, thus, have nothing to do with unlawful entry. The jury will not be asked to make a factual finding with respect to the individual Defendants' legal justification for entering the home. Moreover, Plaintiff could have sued DCS or brought a Fourth Amendment unlawful entry claim, but he opted not to do so. It is too late to add these claims now.

Second, the Court believes that Plaintiff's argument about the distinction between "*being at*" and "*entering*" is somewhat of a Trojan Horse for Plaintiff to insinuate that there was no cause to legally remove the children from Plaintiff's home. Not only would such evidence be unduly prejudicial, it would completely abrogate the effect of Plaintiff's admission that the individual Defendants "had a legal justification for being at" his home. Defendants have relied on this admission and should not be forced to cobble together a new line of defense at the

eleventh hour. It appears Plaintiff is attempting to get in through the back door what he could not get in through the front door.

Finally, this evidence is not relevant, is unduly prejudicial, and would likely confuse the jury. Defendants' Supplemental Motion in *Limine* 1 is **GRANTED** and Plaintiff may not present evidence challenging the individual Defendants' legal right to be at and enter the home at the request of DCS. If, however, Plaintiff believes that such evidence becomes relevant during the course of trial, he must first approach the bench and request a hearing outside of the presence of the jury.

**2.      General Order 1.18 (Children in Need of Services)**

Supplemental Motion in *Limine* 2 seeks to bar reference to or evidence of IMPD General Order 1.18, which governs what police can do when they are notified of an issue involving Children in Need of Services ("CHINS"). As discussed, this case has nothing to do with CHINS, the unlawful removal of children, or unlawful entry. Section I(A)(4) of General Order 1.18 is the only relevant section of the proposed exhibit. The Court will likely accept Defendants' proposed Jury Instruction 25 (or a similar form of said instruction) which will provide the jury with the relevant section of the General Order. Essentially for the same reasons as set out above, Supplemental Motion in *Limine* 2 is also **GRANTED** and General Order 1.18 may not be introduced or referenced at trial.

**3.      General Order 4.25 (Incident Reporting)**

Supplemental Motion in *Limine* 3 seeks to bar reference to or evidence of IMPD General Order 4.25, which relates to an officer's obligation to create incident reports. Here, Officer Thomas received an administrative reprimand after the August 22, 2008 incident because he did

not create a timely incident report to reflect his interaction with Plaintiff that day. According to Defendants, such evidence is altogether irrelevant to issues of battery and excessive force and, moreover, Plaintiff should be precluded from suggesting that there is a nexus between this administrative violation and excessive force. Plaintiff counters that Officer Thomas did not create a timely report so that he would have "additional time to consider what to put in his incident report [and] facts that he may have fabricated after speaking with other people involved to sure up his story." The Court could foresee circumstances wherein such evidence may be relevant and admissible (perhaps to show guilty conscious or intent), accompanied by a limiting instruction. Although the issue of belated reporting is certainly ancillary to the key issues in this case, the Court is reticent to bar General Order 4.25 through a pretrial order and believes it would be most prudent to rule on this issue at trial, so that questions of relevancy can be resolved in context. Accordingly, Defendants' Supplemental Motion in *Limine* 3 is **DENIED**.

SO ORDERED.

Date: 04/27/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

Beth Ann Dale
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
bdale@indygov.org,bdoyle@indygov.org

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com,hal@rucklaw.com

Jennifer Lynn Haley
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jhaley@indy.gov,bdoyle@indy.gov

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com,hal@rucklaw.com

Adam Lenkowsky
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com,ecf.alenkowsky@gmail.com

Kenneth T. Roberts
ROBERTS & BISHOP
ktrjustice@aol.com

Tasha Rebecca Roberts
ROBERTS AND BISHOP
troberts@roberts-bishop.com

John C. Ruckelshaus
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jcr@rucklaw.com