# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEROME PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:09-cv-1051-TWP-MJD |
| | ) | |
| OFFICER MATTHEW THOMAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ENTRY ON DEFENDANTS' OBJECTION TO PROPOSED BILLING RECORD

Defendants seek to strike an October 2008 Indiana Orthopedic Hospital ("IOH") bill from Plaintiff's final trial exhibit list due to Plaintiff's belated production. The IOH bill increases Plaintiff's total medical bills from roughly $13,000 to roughly $23,000. Apparently, Plaintiff did not receive the bill until April 7, 2011 and attributes the tardiness to "confusion" surrounding the proper billing entity. From there, Plaintiff waited until April 14, 2011 (less than one week prior to the final pretrial conference) to disclose the bill to Defendants, putting them in a bind in terms of filing objections in compliance with the Court's Case Management Plan. According to Defendants, this bill should be stricken because Plaintiff's late disclosure is unjust, prejudicial, runs afoul of the rules of federal civil procedure, and violates a Motion in *Limine* that the Court has already granted. In other words, "Defendants should not have to suffer prejudice and have to defend against a damages claim that has almost doubled less than thirty (30) days before trial because the Plaintiff failed to comply with discovery deadlines and surprised the Defendants with an additional medical billing record." (Dkt. 127 at 6-7).

Defendants arguments are well-taken. However, this issue is not completely cut-and-dried. In Plaintiff's response, counsel represents that he assumed that Defendants already had

the IOH bill in their possession based on a subpoena duces tecum that Defendants issued to IOH roughly one year ago, when Plaintiff was represented by different counsel. Moreover, Plaintiff's counsel represents that, during a settlement conference, he accurately informed Defendants that the total billing exceeded $23,000. On this point, Defendants have a different version of events, representing that Plaintiff's counsel previously "orally informed . . . Defendants that the Plaintiff's medical bills totaled 'around $12,000.'" (Dkt. 127 at 4).

Defendants cite to *Bartlett v NIBCO Inc.*, 2011 WL 1042323, No. 3:08-cv-597-PPS, (N.D. Ind. March 18, 2011) for the premise that the Court should exclude the proposed damages evidence. However, the facts in this case are distinguishable from those in *Bartlett*. In *Bartlett*, the plaintiff failed to seek compensatory or punitive damages in her complaint and failed to disclose in discovery that she wished to pursue these categories of damages at trial. In this case, Plaintiff seeks only to supplement her actual damages claim, and does not propose to add a claim for compensatory or punitive damages. As to compensatory damages, a plaintiff may not pursue compensatory damages at trial, even where the complaint contains a request for compensatory damages, if that request is not supported by facts alleged in the complaint. *See Lebow v. American Trans Air, Inc.*, 86 F.3d 661, 670 n. 11 (7th Cir. 1996).

Defendants concede in their Objection that district judges are clearly vested with discretion when it come to the exclusion of evidence and that there exists a presumption of admissibility for relevant evidence. The additional medical billing statement is clearly relevant evidence. Because of the factual disputes at play, the Court finds the sanction of exclusion of the additional medical billing to be severe. Rather than exclusion, the Court will assess the reasonable costs associated with additional investigation to determine whether the treatment was

medically necessary and whether the amount charged was reasonable to the Plaintiff. Plaintiff's counsel should cooperate in this investigation. In light of this ruling, once Defendants' complete their additional investigation, the Court requests that the parties again attempt to enter into a stipulated summary on medical billing damages.

Defendant's Objection to Plaintiff's proposed Hospital Billing Record is **OVERRULED**, however the Court will impose the sanction described in this entry for Plaintiff's failure to timely supplement her disclosures in writing, as required by Fed. R Civ. P 26.

SO ORDERED.

Date: 04/28/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Copies to:

**Beth Ann Dale**
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
bdale@indygov.org,bdoyle@indygov.org

**Andrew R. Duncan**
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com,hal@rucklaw.com

**Jennifer Lynn Haley**
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jhaley@indy.gov,bdoyle@indy.gov

**John F. Kautzman**
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com,hal@rucklaw.com

**Adam Lenkowsky**
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com,ecf.alenkowsky@gmail.com

**Kenneth T. Roberts**
ROBERTS & BISHOP
ktrjustice@aol.com

**Tasha Rebecca Roberts**
ROBERTS AND BISHOP
troberts@roberts-bishop.com

**John C. Ruckelshaus**
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jcr@rucklaw.com