UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEROME PERRY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:09-cv-1051-TWP-MJD |
| CITY OF INDIANAPOLIS, OFFICER CHRISTOPHER WHITE, | ) |
| Defendants. | ) |

### ENTRY ON DEFENDANT'S SUBMISSION ON BILL OF COSTS

This matter is before the Court on the Defendant City of Indianapolis' ("City") Motion for Costs and Attorneys' Fees (Dkt. 151). The matter herein was tried by jury and the jury entered a verdict in favor of the Defendants on May 12, 2011. The City filed a Motion for Bill of Costs and for Attorney Fees on May 26, 2011 seeking litigation costs in the amount of $1,611.88 and attorneys' fees in the amount of $29,900.00 for a total of $31,511.88, pursuant to Trial Rule 68(d) and 42 U.S.C. § 1988(b).

Under Rule 68(d), "if the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." To support its position, the City relies on *Payne v. Milwaukee Cty*, 288 F.3d 1021, 1024 (7th Cir. 2002). There, the Court ruled that the aims of Rule 68 are to "compensate the defense for costs it ought not to have incurred and to deter future plaintiffs from lightly disregarding reasonable settlement offers…" However, this case is inapplicable. In *Payne*, the verdict was in the plaintiff's favor, but the award was less than the defendant's offer of judgment. *Id*. In the present case, the verdict was not in Perry's favor.

Significantly, in *Delta Air Lines v. August*, 450 U.S. 346 (1981). The Supreme Court held that Rule 68 is limited to cases in which the plaintiff **obtains a judgment** for an amount less than the defendant's settlement offer. *Id*. at 351 (1981). The Court further held that "[Rule 68] does not apply to judgments in favor of the defendant…" *Id*. at 354. Since *Delta*, other courts have ruled that Rule 68 does not apply when a defendant prevails in a case. *See e.g. MRO Communications, Inc. v. American Tel. & Tel. Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999) ("Federal Rule 68 is inapplicable in a case in which the defendant obtains a judgment."); *Tran v. Thai*, 2011 WL 742572 at *1 (S.D. Tex. Feb. 23, 2011) (holding that since the jury awarded the plaintiff nothing, and judgment was entered in favor of the defendants, there was no basis for attorney's fees.); *Ezelle v. Bauer Corp*, 154 F.R.D. 149, 152 (S.D. Miss. 1994) ("Rule 68 does not apply where the plaintiff loses."). Simply put, the City was victorious in this case; therefore, it is not entitled to costs under Fed. R. Civ. P. 68(d).

The City also contends that it is entitled to attorney's fees pursuant to 42 U.S.C. § 1988(b), which allows a reasonable attorney's fee to the prevailing party in a § 1983 suit. Specifically, § 1988(b) reads that "[i]n any action or proceeding to enforce a provision of section[]…1983…the court, **in its discretion**, **may allow** the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs…" However, in *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412 (1978), the Supreme Court held that a "district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case ***upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation***, even though not brought in subjective bad faith." *Id*. at 421. Additionally, in *Fox v. Vice*, 131 S.Ct 2205 (2011), the Supreme Court clearly stated that "§ 1988 serves to relieve a defendant of expenses attributable to frivolous charges." *Id*. at 2214. "The defendant, of course, is not entitled to any

fees arising from … non-frivolous charges." *Id*.  The Court does not find the Plaintiff's case in this matter to be frivolous. Further, district courts are cautioned to be careful not to chill the exercise of individual rights to pursue these kinds of claims. In it's discretion, the Court denies the fee request.

The City may, however, at the Court's discretion, receive costs under Rule 54(d).  Rule 54(d) provides that "[u]nless a federal statute, these rules, *or a court order provides otherwise*, costs - other than attorney's fees - should be allowed to the prevailing party."  The Court therefore awards the City costs in the sum of $1,611.88.

For the reasons set forth above, Defendant's Motion (Dkt. 151) shall be GRANTED in part and DENIED in part.  The Court finds that the Defendant is entitled to recover under Federal Rule of Civil Procedure 54(d) costs in the sum of $1,611.00 and Defendant's request for attorney fees must be denied. Costs will be taxed in Defendant's favor on their bill of costs in the total sum of $1,611.00.

SO ORDERED.

DATE:  08/08/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

Beth Ann Dale
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
bdale@indygov.org,bdoyle@indygov.org

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com,hal@rucklaw.com

Jennifer Lynn Haley
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jhaley@indy.gov,bdoyle@indy.gov

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com,hal@rucklaw.com

Adam Lenkowsky
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com,ecf.alenkowsky@gmail.com

Kenneth T. Roberts
ROBERTS & BISHOP
ktrjustice@aol.com

Tasha Rebecca Roberts
ROBERTS AND BISHOP
troberts@roberts-bishop.com

John C. Ruckelshaus
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jcr@rucklaw.com